UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X

JG & PG on behalf of their minor child,
JGIII and on their own behalves,
LA & GA on behalf of their minor child,
FA, and on their own behalves, MS and
RS, on their own behaves and on behalf
of their minor child, MAS, TS and NS on
behalf of their minor child VS and on
their own behalves, LB on behalf of his
minor child RB and on his own behalf,
TC and TC, on behalf of their minor son,
NC, and on their own behalves, RB on
behalf of her minor son, NB and on her
own behalf.

               Plaintiffs,               08 Civ. 5668 (KMW)
                                                   OPINION AND ORDER

    -against-

TAMMY CARD, JOYCE SPIEGEL, LORRIE
REYNOLDS, JOSEPH LEVY, SHERRY STREITAS,
CAROL DeALLEAUME, DR. ROBERT J. REIDY,
MAHOPAC CENTRAL SCHOOL DISTRICT,

               Defendants.

--------------------------------------
WOOD, U.S.D.J.:

    Plaintiffs, parents of students at Mahopac Falls Elementary

School ("Plaintiff-Parents"), bring this action on behalf of

themselves and on behalf of their minor children, the

students("Plaintiff-Children"), against two sets of defendants:

(1) Defendants Tammy Card, Joyce Spiegel, Lorrie Reynolds, Joseph

Levy, Sherry Streitas, all of whom were teachers or teachers'

aides at Mahopac Falls Elementary School (collectively, "Teacher-

Defendants"); and (2) Defendants Carol DeAlleaume, Principal of Mahopac Falls Elementary School; Dr. Robert J. Reidy, the Superintendent of Mahopac Central School District; and the Mahopac Central School District (collectively, "Supervisor-Defendants").

Supervisor-Defendants move to dismiss all claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted. Plaintiffs allege that Supervisor-Defendants violated Plaintiff-Children's and Plaintiff-Parents' substantive due process rights, pursuant to 42 U.S.C. § 1983 ("§ 1983 Claim"). Plaintiffs have also asserted state law claims against Supervisor-Defendants for: (1) negligence and negligent infliction of emotional distress; (2) vicarious liability; and (3) unlawful discrimination in violation of section 296 of the New York Human Rights Law ("NYHLR § 296").[1] All claims are asserted on behalf of both Plaintiff-Parents and Plaintiff-Children.

For the reasons stated below, the Court (1) GRANTS

---

[1] Plaintiffs also assert against Teacher-Defendants: (1) a claim under 42 U.S.C. § 1983 for violation of Plaintiff-Parents' and Plaintiff-Children's substantive due process rights, and (2) state law claims for intentional infliction of emotional distress, assault and battery, and violation of NYHRL § 296. Teacher-Defendants answered the Complaint on August 19, 2008. The claims against them are now in discovery.

Superintendent Reidy's and the Mahopac Falls School District's motion to dismiss all claims against them; (2) GRANTS Principal DeAlleaume's motion to dismiss Plaintiffs' claims for vicarious liability and violation of NYHRL § 296, to dismiss Plaintiff-Parents' claims for violation of 42 U.S.C. § 1983 and for negligent infliction of emotional distress, and to dismiss all Plaintiff-Children's claims for negligence, except the claim of Plaintiff "FA"[2]; (3) DENIES Principal Dealleaume's motion to dismiss Plaintiff-Children's claims for violation of 42 U.S.C. § 1983 and negligent infliction of emotional distress, and to dismiss Plaintiff "FA"'s claim for negligence.

I.  Background

        A. Parties

                1. Plaintiffs

    Plaintiff-Parents have brought this action on behalf of themselves and on behalf of Plaintiff-Children.  There are thus two sets of plaintiffs in this action: (1) Plaintiff-Parents, and (2) Plaintiff-Children (collectively, "Plaintiffs").  Plaintiff-Children are all school children between the ages of 5 and 7, who have been diagnosed with Autism and other developmental

---

        [2] Plaintiff "FA" is one of the Plaintiff-Children. Plaintiffs allege facts unique to Plaintiff "FA" that allow him to assert a claim for negligence against Principal DeAlleaume.

disorders.  Each Plaintiff-Child was enrolled in the Bridge
Program at Mahopac Falls Elementary School for some period during
the 2005-06 and 2006-07 school years.

Plaintiff-Parents are the parents of Plaintiff-Children.

2. <u>Defendants</u>

a.  <u>Supervisor-Defendants</u>

Mahopac Falls Elementary School is located in Mahopac
Central School District ("Defendant-District").  Superintendent
Reidy ("Defendant-Superintendent") was Superintendent of
Defendant-District during the 2005-06 and 2006-07 school years.
Principal DeAlleaume ("Defendant-Principal") was the interim
principal of the Mahopac Falls Elementary School during the
second semester of the 2006-07 school year.  The Supervisor-
Defendants were responsible for oversight and supervision of the
School and its teachers and students. (Compl. ¶¶ 5, 8, 9.)

b.  <u>Teacher-Defendants</u>

Defendant Tammy Card was the lead teacher assigned to the
Bridge Program for the 2005-06 and 2006-07 school years.
Defendants Lorrie Reynolds, Joseph Levy, and Sherry Streitas
joined the Bridge Program as teachers' aides in the fall of 2006.
Defendant Joyce Spiegel became the Bridge Program's speech
pathologist in September 2005.  Teacher-Defendants were directly
responsible for educating and supervising Plaintiff-Children.

Teacher-Defendants were removed from the Bridge Program in March 2007. (Compl. ¶¶ 65-66.)

    B. <u>Plaintiffs' Allegations</u>

        1. <u>Teacher-Defendants' alleged abuse of Plaintiff-Children</u>

Plaintiffs' claims against Supervisor-Defendants arise out of allegations that Teacher-Defendants physically and emotionally abused Plaintiff-Children while they were enrolled in the Bridge Program. The Complaint contains numerous allegations of abuse, including allegations that Teacher-Defendants: (1) locked Plaintiff-Children in closets or bathrooms for extended periods of time (Compl. ¶¶ 10, 127, 148); (2) used physical force to restrain and sometimes force feed Plaintiff-Children, causing vomiting and injury (Compl. ¶¶ 11, 68, 159-60); (3) engaged in inappropriate sexual conduct in front of Plaintiff-Children, including grabbing each others' breasts and bottoms, massaging each other, exposing themselves to the students, and carrying on sexually explicit conversations (Compl. ¶ 10); (4) photographed Plaintiff-Children's private parts (Compl. ¶ 130); (5) taunted Plaintiff-Children and called them degrading names, including "Sloth," "Drool Machine," and "Satan's Child" (Compl. ¶ 10); and (6) refused to change certain Plaintiff-Children's diapers (Compl. ¶ 124).

Plaintiffs claim that the alleged abuse severely traumatized Plaintiff-Children.  Plaintiffs allege that during their time in the Bridge Program, Plaintiff-Children became more aggressive; engaged in extremely sexualized behavior; developed fears of going to school, using the bathroom, or being left alone; and regressed in their language abilities and life-skill development. (Compl. ¶¶ 28, 31, 33-35, 37, 45(a), 66, 84-85, 90-91.)[3] Psychologists who examined several Plaintiff-Children noted that they exhibited aberrant behavior consistent with physical and emotional abuse; one Plaintiff-Child was even diagnosed with Post-Traumatic Stress Disorder. (Compl. ¶¶ 38, 39, 45, 75-77, 107, 152-54.)

    2.   Defendant-Supervisors' alleged role in abuse of Plaintiff-Children

According to the Complaint, Defendant-Superintendent Reidy assigned Card to lead the Bridge Program, and Reidy was responsible for hiring, training, supervising, and disciplining staff. (Compl. ¶¶ 4, 9.)

Defendant-Principal was allegedly responsible for the day-to-day supervision of Teacher-Defendants.  (Compl. ¶ 5.)

---

[3] Plaintiffs also allege that Plaintiff "FA" was physically injured when Defendant Card physically restrained and then suddenly released him, causing him to fall onto the floor on his face.  (Compl. ¶ 68-70.)

Plaintiffs allege that the abuse of Plaintiff-Children began during the 2005-06 school year and continued during the following year.  Plaintiffs claim that Supervisor-Defendants failed to adequately train and supervise Teacher-Defendants, thereby creating conditions for abuse. (Compl. ¶¶ 197, 200.)

On March 23, 2007, Defendant-Principal and Defendant-Superintendent held a meeting with Plaintiff-Parents.  Plaintiffs allege that at this meeting Defendant-Superintendent informed Plaintiff-Parents that allegations had been made against teachers in the Bridge Program, and that Supervisor-Defendants were investigating the allegations, but refused to provide details about either the allegations or the investigation.  (Compl. ¶¶ 13-14.)

According to the Complaint, sometime in March 2007, Teacher-Defendants were removed from the Bridge Program and new staff was assigned. (Compl. ¶¶ 65-66.)

On March 29, 2007, Defendant-Principal and Defendant-Superintendent held a second meeting with Plaintiff-Parents, at which Defendant-Superintendent allegedly told Plaintiff-Parents that certain children "had been involved" in the allegations made against Teacher-Defendants, but again refused to provide details. (Compl. ¶ 15.)

Beginning in late March, some Plaintiff-Parents received

7

letters or reports from Supervisor-Defendants and investigators, regarding abuses that Teacher-Defendants had allegedly perpetrated against Plaintiff-Children.  (Compl. ¶¶ 59, 68, 124, 189.)  In early May, Teacher-Defendants were arrested for child endangerment.  (Compl. ¶ 17.)

The Complaint alleges that two aides in the Bridge Program reported Teacher-Defendants' conduct to Defendant-Principal "well before" she and Defendant-Superintendent began investigating the Program, but that Defendant-Principal took no action at that time. (Compl. ¶¶ 188-89.)  Plaintiffs also allege that one of the aides reported "misconduct" in the Bridge Program to "school administrators" at least a month before the March meetings. (Compl. ¶ 12.)

II.  <u>Procedural Posture</u>

On June 24, 2008, Plaintiff-Parents filed this action, bringing, on behalf of Plaintiff-Children and Plaintiff-Parents, claims against Supervisor-Defendants for: (1) violation of 42 U.S.C. § 1983, (2) negligence and negligent infliction of emotional distress, (3) vicarious liability for Teacher-Defendants' conduct, and (4) violation of NYHRL § 296.

Because Plaintiff-Parents have brought this action on their own behalf and on behalf of Plaintiff-Children, the court considers two sets of claims: (1) claims for violation of

8

Plaintiff-Children's rights, and (2) claims for violation of Plaintiff-Parents' rights.  Plaintiff-Children are minors and therefore cannot bring a lawsuit on their own behalf in federal court.  See Fed. R. Civ. P. 17(c).  Because Plaintiff-Parents are the natural guardians of Plaintiff-Children, however, they can bring claims on behalf of Plaintiff-Children, asserting violations of Plaintiff-Children's rights.  See id.  Plaintiff-Parents can also bring claims on their own behalf, alleging violations of their own rights.  See id.  Plaintiff-Children's and Plaintiff-Parents' rights under federal and state law may differ.  It is thus possible for one set of Plaintiffs to state a claim even if the other set of Plaintiffs has not stated a claim.

Supervisor-Defendants have moved to dismiss all Plaintiffs' claims under Rule 12(b)(6) for failure to state a claim on which relief can be granted.

For the reasons stated below, the Court decides Supervisor-Defendants' motions as follows:

- Plaintiffs' § 1983 Claims: The Court (1) GRANTS Supervisor-Defendants motion to dismiss Plaintiffs' claims; (2) GRANTS Defendant-District's and Defendant-Superintendent's motions to dismiss Plaintiff-Children's claim; and (3) DENIES Defendant-Principal's motion to dismiss Plaintiff-Children's claim.

- <u>Negligence and Negligent Infliction of Emotional Distress</u>: The Court (1) GRANTS Defendant-District's and Defendant-Superintendent's motion to dismiss Plaintiffs' claims; (2) GRANTS Plaintiff-Principal's motion to dismiss Plaintiff-Parents' claims;(3) DENIES Plaintiff-Principal's motion to dismiss Plaintiff-Children's claim for negligent infliction of emotional distress, and Plaintiff "FA"'s claim for negligence; (4) GRANTS Plaintiff-Principal's motion to dismiss all Plaintiff-Children's claims for negligence, except the claim of Plaintiff "FA".

- <u>Vicarious Liability</u>:  The Court GRANTS Supervisor-Defendants' motion to dismiss Plaintiffs' claims.

- <u>NYHRL § 296</u>: The Court GRANTS Supervisor-Defendants' motion to dismiss Plaintiffs' claims.

## III.  <u>Legal Standard for a Rule 12(b)(6) Motion</u>

For a complaint to survive a motion to dismiss under Rule 12(b)(6), the plaintiff must plead sufficient factual allegations "to state a claim to relief that is plausible on its face."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

10

liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of the cause of action . . . do not suffice." <u>Id.</u> "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." <u>Id.</u> at 1950.

The Court must accept as true all well-pleaded factual allegations in the complaint, <u>Twombly</u>, 550 U.S. at 555, and "draw[] all inferences in the plaintiff's favor," <u>Allaire Corp. v. Okumus</u>, 433 F.3d 248, 249-50 (2d Cir. 2006).

IV. <u>Plaintiffs' Claim under 42. U.S.C. § 1983</u>

The Court first considers Plaintiff-Children's and Plaintiff-Parents' § 1983 Claims. For the reasons stated below, the Court concludes that Plaintiffs: (1) fail to state a claim under § 1983 against any of the Supervisor-Defendants for violation of Plaintiff-Parents' substantive due process rights; (2) fail to state a claim under § 1983 against Defendant-District or Defendant-Superintendent for violation of Plaintiff-Children's substantive due process rights; and (3) state a claim under § 1983 against Defendant-Principal for violation of Plaintiff-Children's substantive due process rights.

Plaintiffs claim that Supervisor-Defendants' alleged failure to adequately supervise and train Teacher-Defendants violated Plaintiff-Parents' and Plaintiff-Children's substantive due

process rights.  Supervisor-Defendants argue that Plaintiffs' §
1983 Claims should be dismissed because: (1) Plaintiffs do not
state a cognizable claim for violation of Plaintiffs' substantive
due process rights; (2) with respect to the claim against
Defendant-District, Plaintiffs do not allege that Defendant-
District had a policy or custom condoning violation of
Plaintiffs' rights; (3) with respect to the claim against
Defendant-Superintendent and Defendant-Principal, Plaintiffs fail
to plead sufficient personal involvement by either Defendant; and
(4) Defendant-Superintendent and Defendant-Principal are entitled
to qualified immunity.

The Court considers each of Supervisor-Defendants' arguments
and concludes that: (1) Plaintiffs state a cognizable claim for
violation of Plaintiff-Children's substantive due process rights,
but not for violation of Plaintiff-Parents' rights; (2)
Plaintiffs fail to allege that Defendant-District had a policy or
custom condoning violation of Plaintiff-Children's rights; (3)
Plaintiffs fail to plead sufficient personal involvement by
Defendant-Superintendent in the alleged violation of Plaintiff-
Children's rights, but plead sufficient personal involvement by
Defendant-Principal; and (4) Defendant-Principal is not entitled
to qualified immunity.

A.  <u>Violation of Plaintiffs' Substantive Due Process</u>
<u>Rights</u>

Plaintiffs: (1) state a cognizable claim that Supervisor-Defendants' conduct violated Plaintiff-Children's substantive due process rights, but (2) fail to state a claim that Supervisor-Defendants' conduct violated Plaintiff-Parents' rights.

1.  <u>Legal standard</u>

To state a substantive due process claim, a plaintiff must allege that (1) the complained-of state action compromised a constitutionally-protected liberty or property right, and (2) the state action that deprived him of that interest was oppressive or arbitrary.  <u>West v. Whitehead</u>, 04 Civ. 9283 (KMK), 2008 WL 4201130, at *12-13 (S.D.N.Y. Sept. 11, 2008).  For conduct to be deemed "oppressive or arbitrary" pursuant to federal law, the conduct must "shock the conscience."  <u>West</u>, 2008 WL 4201130, at *13 (citing <u>Lowrance v. Achtyl</u>, 20 F.3d 529, 537 (2d Cir. 1984)).  Whether a defendant's conduct was so egregious as to "shock the conscience" is a factual matter, inappropriate for decision on a motion to dismiss.  <u>See</u> <u>Dockery v. Barnett</u>, 167 F. Supp. 2d 597, 600-04 (S.D.N.Y. 2001) (finding that it was a question of fact for the jury whether a teacher's treatment of autistic students, including force-feeding them and restraining them forcefully

13

enough to leave bruises, violated the students constitutional rights); Rubino v. Saddlemire, 05 Civ. 1955, 2007 WL 685183, at *10 (D. Conn. Mar. 1, 2007) ("Whether the punishment imposed is so out of proportion . . . as to 'shock the conscience'. . . is a question of fact.").

Individuals who are in the custody of the state have a right to safe conditions, to freedom from undue bodily restraint, and to freedom from excessive force in the "non-seizure, non-prisoner" context. See Youngberg v. Romeo, 457 U.S. 307, 315-16 (1982) (finding that man living in state mental institution had a right to safe conditions and freedom from undue bodily restraint); Johnson v. Newburgh Enlarged Sch. Dist., 239 F.3d 246, 253 (2d Cir. 2001) (finding that high school student had constitutional right to be free from the use of excessive force by teacher).  Individuals in state custody also have a right to be free from "unreasonable and unnecessary intrusions into their emotional well-being," Marisola v. Giuliani,929 F. Supp. 662, 675 (S.D.N.Y. 1996).  These constitutional protections apply to children who are attending state-run schools.  See Soc'y for Good Will to Retarded Children, Inc. v. Cuomo, 737 F.2d 1239, 1245-46 (2d Cir. 1984) (finding that mentally handicapped students attending state-run school had a right to safe conditions and to freedom from undue physical and emotional abuse by school

14

officials); <u>Johnson</u>, 239 F.3d at 253.

### 2.   Application to Plaintiff-Children's claim

Plaintiff-Children were attending a New York State school. They therefore have a constitutional right to be free from arbitrary or oppressive physical or emotional abuse by school officials.  Plaintiffs allege that Supervisor-Defendants' failed to stop Teacher-Defendants' allegedly grave and persistent abuse of Plaintiff-Children.  These allegations are sufficient to state a claim that Supervisor-Defendants violated Plaintiff-Children's rights.

### 3.   Application to Plaintiff-Parents' claim

Plaintiffs do not clearly articulate how Supervisor-Defendants' alleged conduct infringed on Plaintiff-Parents' rights.  Plaintiff-Parents were not participants in the Bridge Program, and do not claim that they were subject to arbitrary or oppressive treatment by Defendants.  Plaintiff-Parents do not have standing to sue on their own behalf for violation of Plaintiff-Children's constitutional rights.  <u>See</u> <u>Phillips ex rel.</u> <u>Green v. City of New York</u>, 453 F. Supp. 2d 690, 734 (S.D.N.Y. 2006).  Plaintiff-Parents fail to state a cognizable substantive due process claim.[4]  The Court dismisses without prejudice

---

[4]   Plaintiff-Parents may be attempting to state a claim for unconstitutional interference with their parent-child

15

Plaintiff-Parents' 1983 Claim against all Supervisor-Defendants.

B.  <u>Defendant-District's Liability</u>

To state a claim under § 1983 against Defendant-District, Plaintiffs must allege that a municipal policy or custom caused the alleged violation of Plaintiff-Children's constitutional rights.  They do not do so here.

1.  <u>Legal Standard</u>

For a municipality or municipal body, such as a school district, to be liable under § 1983, the plaintiff must show that a "municipal policy or custom caused the constitutional violation."  <u>Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit</u>, 507 U.S. 163, 166 (1999); <u>see also</u> <u>Monell v. Dept. of Soc. Servs. of N.Y.</u>, 436 U.S. 658, 694 (1978) ("[I]t is when execution of a government's policy or custom . . . inflicts

---

relationships.  The Constitution protects family relationships from undue state interference, including protecting the right of parents to the care, custody, and control of their children. <u>See Roberts v. U.S. Jaycees</u>, 468 U.S. 609, 617-18 (1984) (explaining that the Constitution protects family relationships); <u>Troxel v. Granville</u>, 530 U.S. 57, 65 (2000).  Plaintiff-Parents may wish to argue that the impact on Plaintiff-Children of Teacher-Defendants' alleged abuse somehow interfered with Plaintiff-Children's relationships with Plaintiff-Parents.  If this was Plaintiff-Parents' intent, however, it is unclear from the Complaint.  The Complaint contains no coherent allegation of unconstitutional interference with Plaintiffs' parent-child relationships.  The Court, therefore, does not decide whether Supervisor-Defendant's actions would give rise to such a claim under § 1983.

the injury that the government as an entity is responsible under § 1983").  At the motion to dismiss stage, mere conclusory allegations of a municipal policy or custom are insufficient to state a claim. See Davis v. City of New York, No. 07 Civ. 1395 (RPP), 2008 WL 2511734, at *5-6 (S.D.N.Y. June 19, 2008). Rather, plaintiffs must allege that an individual defendant's actions conformed to an official municipal policy or custom, or that an individual defendant had the authority to make policy for the municipality. See id. at *5.

   2.  Application

Here, Plaintiffs plead only that "by policy, practice and/or custom, defendant district failed to properly hire, train and/or supervise teachers' aides and those assigned to interact with classified students." (Compl. ¶ 200.)  Such conclusory allegations are insufficient to sustain a claim of municipal liability under § 1983.  The Court dismisses without prejudice Plaintiff-Children's § 1983 Claim against Defendant-District.

   C.  Personal Involvement of Defendant-Superintendent
       and Defendant-Principal

   Plaintiffs: (1) fail to allege sufficient personal involvement by Defendant-Superintendent in the alleged violations of Plaintiff-Children's constitutional rights; and (2) allege sufficient personal involvement by Defendant-Principal.

17

1.   Legal standard

To state a § 1983 claim against an individual defendant, a plaintiff must "set forth specific and detailed factual allegations of [the defendant's] personal involvement" in the alleged constitutional deprivations. Vazquez v. Parks, No. 02 cv 1735, 2003 WL 1442087, at *9 (S.D.N.Y. Feb. 4, 2003) (internal quotations omitted); see also Moffitt v. Town of Brookfield, 950 F.2d 880, 886 (2d Cir. 1991).  A plaintiff may demonstrate the defendant's personal involvement by alleging that:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [the alleged victim] by failing to act on information indicating that unconstitutional acts were occurring.

Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995).

2.   Application to Plaintiff-Children's claim against Defendant-Superintendent

Plaintiffs do not sufficiently plead Defendant-Superintendent's personal involvement in the alleged violations of Plaintiff-Children's rights.  Plaintiffs allege that Defendant-Supervisor was responsible for the operation of Defendant-District, including hiring, training, and supervising

18

staff, but "the bare fact that [a defendant] occupies a high
position . . . is insufficient to sustain [a section 1983]
claim." Colon, 58 F.3d at 873.  Plaintiffs allege neither that
Defendant-Superintendent personally participated in the alleged
abuse of Plaintiff-Children, nor that Defendant-Superintendent
was informed of the abuse prior to March 2007, when he and
Defendant-Principal began the investigation that resulted in
Teacher-Defendants' removal from the Bridge Program and arrest
for child endangerment.  Accordingly, the Court dismisses without
prejudice Plaintiff-Children's § 1983 Claim against Defendant-
Superintendent.

        3.    Application to Plaintiff-Children's claim
              against Defendant-Principal

     Plaintiffs allege that teachers' aides twice informed
Defendant-Principal of Teacher-Defendants' conduct "well before"
the March 2007 investigation, and that Defendant-Principal took
no action to halt the alleged abuse at that time.  These specific
factual allegations state a claim that Defendant-Principal was
grossly negligent in supervising Teacher-Defendants, or was
deliberately indifferent to Plaintiffs-Children's rights.
Plaintiff-Children have pled sufficient personal involvement on
the part of Defendant-Principal to survive her motion to dismiss.

D.  <u>Defendant-Principal's Qualified Immunity</u>

The Court finds that Defendant-Principal is not entitled to qualified immunity at this stage of the case.

1.  <u>Legal standard</u>

The doctrine of qualified immunity grants public officials immunity from suit for damages for acts undertaken in their official capacity, unless their conduct violates clearly established constitutional rights of which an objectively reasonable official would have known.  See <u>Ford v. Moore</u>, 237 F.3d 156, 163 (2d Cir. 2001); <u>Anderson v. Creighton</u>, 483 U.S. 635, 637-41 (1987).  If an official's conduct violates clearly established constitutional rights, the official can still be granted qualified immunity if the Court determines that the official's actions were objectively reasonable.  See <u>Harhay v. Town of Ellington Bd. of Educ.</u>, 323 F.3d 206, 211 (2d Cir. 2003).

2.  <u>Application</u>

The Court cannot grant qualified immunity to Defendant-Principal at this stage of the case.  Plaintiff-Children have alleged violations of their constitutional right to be free from arbitrary and oppressive physical and emotional mistreatment by school officials.  This right was clearly established by 2007, when Defendant-Principal's allegedly unconstitutional actions took place. See <u>infra</u>, pp. 14-15.  Considering Plaintiffs'

allegations, the Court cannot say as a matter of law that Defendant-Principal's actions were objectively reasonable.  See Alfaro v. Labador, 300 Fed. Appx. 85, 86-87(2d Cir. 2008)(finding that defendant was not entitled to qualified immunity at motion to dismiss stage where court could not say as a matter of law that defendant's actions were objectively reasonable).

Accordingly, the Court finds that Defendant-Principal is not entitled to qualified immunity at this stage of the litigation. Plaintiff-Children's § 1983 Claim against her can proceed.

For the reasons stated above, the Court: (1) GRANTS Supervisor-Defendants' motion to dismiss Plaintiff-Parents' § 1983 Claim; (2) GRANTS Defendant-District and Defendant-Principal's motion to dismiss Plaintiff-Children's § 1983 Claim; and (3) DENIES Defendant-Principal's motion to dismiss Plaintiff-Children's § 1983 Claim.

V.   State Law Claims

Plaintiffs bring state law claims against Supervisor-Defendants for: (1) negligence and negligent infliction of emotional distress; (2) vicarious liability for Teacher-Defendants' conduct; and (3) violation of NYHRL § 296. Supervisor-Defendants move to dismiss these claims under Rule 12(b)(6).

Plaintiffs: (1) state a claim for negligence against

Defendant-Principal for physical injuries allegedly suffered by Plaintiff "FA", but do not state a claim for negligence against any other Supervisor-Defendants; (2) state a claim for negligent infliction of emotional distress against Defendant-Principal for emotional injury allegedly suffered by Plaintiff-Children, but do not state such a claim against Defendant-District or Defendant-Superintendent, and do not state a claim for negligent infliction of emotional distress against any Supervisor-Defendants for emotional injury allegedly suffered by Plaintiff-Parents; (3) do not state a claim for vicarious liability against any Supervisor-Defendants; and (4) do not state a claim under NHYRL § 296 against any Supervisor-Defendants.

A.   <u>Negligence and Negligent Infliction of Emotional Distress</u>

Plaintiffs: (1) state a claim for negligence against Defendant-Principal for physical injuries allegedly suffered by Plaintiff FA; (2) do not state claim for negligence against any other of the Supervisor-Defendants; (3) state a claim for negligent infliction of emotional distress against Defendant-Principal for emotional injury allegedly suffered by Plaintiff-Children; (4) do not state a claim for negligent infliction of emotional distress against Defendant-District or Defendant-Superintendent for emotional injury allegedly suffered by

Plaintiff-Children; and (5) do not state a claim for negligent infliction of emotional distress against any Supervisor-Defendants for emotional injury allegedly suffered by Plaintiff-Parents.

### 1.  Legal standard

#### a. Negligence

A plaintiff can recover in negligence for physical injury caused by a defendant's negligent conduct.  To state a claim for negligence, a plaintiff must allege that: (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached that duty; and (3) the plaintiff suffered damages as a proximate result of the defendant's breach. King v. Crossland Sav. Bank, 111 F.3d 251, 259 (2d. Cir. 1997).

#### b.  Negligent infliction of emotional distress

Where a defendant's negligence causes only emotional injury to a plaintiff, and not physical injury, the plaintiff can recover against the defendant through a claim for negligent infliction of emotional distress. Ornstein v. N.Y. City Health & Hosp. Corp., 881 N.E.2d 1187, 1189-90 (N.Y. 2008).

Under New York law, there are two ways in which a plaintiff can state a claim for negligent infliction of emotional distress. First, a plaintiff can state a claim where a defendant has breached a duty owed to the plaintiff, and, in doing so,

unreasonably endangered the plaintiff's physical safety or caused the plaintiff to fear for her own safety; this is known as a "direct duty" claim.  <u>Mortise v. U.S.</u>, 102 F.3d 693, 696 (2d Cir. 1996).

Second, a plaintiff can state a claim for negligent infliction of emotional distress where the plaintiff suffers emotional injury from witnessing the death or serious bodily injury of a loved one caused by the defendant's negligence, and the defendant's negligence also threatens the plaintiff with physical harm; this is known as a "bystander" claim.  <u>Id.</u>

2. <u>Application to Plaintiff-Children's claim</u>

Under New York law, Supervisor-Defendants owed Plaintiff-Children, their students, a duty to exercise reasonable care in hiring, training, and supervising Teacher-Defendants.  <u>Tesoriero v. Syosset Cent. Sch. Dist.</u>, 382 F. Supp. 2d 387, 402 (E.D.N.Y. 2005); <u>Murray v. Research Found. Of State Univ. of N.Y.</u>, 723 N.Y.S.2d 805, 807 (4th Dept. 2001).  To have breached this duty, Supervisor-Defendants must have known or had reason to know about Teacher-Defendants' propensity to commit the alleged abuse, and failed to take adequate measures to prevent it.  <u>Doe v. Whitney</u>, 8 A.D.3d 610 (2d Dept. 2004); <u>Ghaffari v. North Rockland Cent. Sch. Dist.</u>, 23 A.D.3d 342, 343 (2d Dept 2005) (dismissing a claim for negligent supervision where plaintiff failed to show that

24

school officials had reason to know about teacher's propensity for sexual misconduct).

Plaintiffs can state a claim for negligence against Supervisor-Defendants if they allege that Supervisor-Defendants failed in their duty to Plaintiff-Children, causing Plaintiff-Children physical injury.

Plaintiffs can state a "direct duty" claim for negligent infliction of emotional distress against Supervisor-Defendants if they allege that Supervisor-Defendants failed in their duty to Plaintiff-Children, and thereby caused Plaintiff-Children emotional harm and threatened Plaintiff-Children with physical injury.

Plaintiffs: (1) sufficiently allege that Defendant-Principal breached the duty of care she owed Plaintiff-Children, thereby causing physical injury to Plaintiff "FA", and causing emotional injury to all Plaintiff-Children and threatening all Plaintiff-Children with physical injury; and (2) do not sufficiently allege that Defendant-District or Defendant-Superintendent breached the duty of care they owed Plaintiff-Children.

a.   Defendant-Principal

If Defendant-Principal, as alleged, knew about Teacher-Defendants' conduct and did not take action to stop it, she breached the duty of reasonable care she owed Plaintiff-Children.

Plaintiffs allege that only Plaintiff "FA" suffered physical injury as a result of Defendant-Principal's alleged breach of her duty. (Compl. § 68-70.)  Plaintiffs, however, allege that all Plaintiff-Children suffered severe emotional trauma and were physically endangered by Defendant-Principal's alleged breach.

Plaintiff "FA" states a claim against Defendant-Principal for negligence.  The Court dismisses without prejudice all other Plaintiff-Children's claims against Defendant-Principal for negligence.  All Plaintiff-Children state a claim against Defendant-Principal for negligent infliction of emotional distress.

### b.  Defendant-Superintendent and Defendant-District

Plaintiffs do not allege that Defendant-Superintendent or Defendant-District knew or had reason to know of the alleged misconduct by Teacher-Defendants.  Thus no breach of a duty has been alleged.  The Court dismisses without prejudice Plaintiff-Children's claim against Defendant-District and Defendant-Superintendent for negligence and negligent infliction of emotional distress.

### 3.  Application to Plaintiff-Parents' claim

The Plaintiff-Parents have no claim against Supervisor-Defendants for negligence or negligent infliction of emotional

26

distress.  Plaintiff-Parents were owed no direct duty by Supervisor-Defendants, see Murray, 723 N.Y.S.2d at 807 (finding that schools and school officials owe a duty of reasonable care to their students), thus they cannot state a claim for negligence or state a "direct duty" claim for negligent infliction of emotional distress.

Plaintiff-Parents also cannot state a "bystander" claim for negligent infliction of emotional distress, because they have not alleged that they were threatened with physical harm by Teacher-Defendants' alleged abuse of Plaintiff-Children.

The Court dismisses with prejudice Plaintiff-Parents' claims against Supervisor-Defendants for negligence and negligent infliction of emotional distress.

For the reasons stated above, the Court: (1) DENIES Defendant-Principal's motion to dismiss Plaintiff "FA"'s claim for negligence, but GRANTS her motion to dismiss all other Plaintiff-Children's claims for negligence; (2) DENIES Defendant-Principal's motion to dismiss Plaintiff-Children's claim for negligent infliction of emotional distress; (3) GRANTS Defendant-District's and Defendant-Superintendent's motion to dismiss Plaintiff-Children's claims for negligence and negligent infliction of emotional distress; and (3) GRANTS Supervisor-Defendants' motion to dismiss Plaintiff-Parents' claims for

negligence and negligent infliction of emotional distress.

C. <u>Vicarious Liability</u>

Plaintiffs do not sufficiently allege that Supervisor-Defendants are vicariously liable for Teacher-Defendants' alleged abuse of Plaintiff-Children.

1. <u>Legal standard</u>

Under the doctrine of *respondeat superior*, an employer may be vicariously liable for a tort committed by his employee while the employee is acting within the scope of his employment. <u>Riviello v. Waldron</u>, 418 N.Y.S.2d 300, 302 (N.Y. 1979). An employee's actions are within the scope of his employment if they are taken to further the employer's interest or to "carry out duties incumbent on the employee in furthering the employer's business." <u>Davis v. City of New York</u>, 641 N.Y.S.2d 275, 276 (1st Dept 1996). Even an intentional tort can fall within the scope of employment if it was reasonably foreseeable and a natural incident of the employment. <u>Judith M. v. Sisters of Charity Hosp.</u>, 715 N.E.2d 95, 96 (N.Y. 1999). If, however, an employee acts for his own purposes and not in furtherance of his employer's business, the employer cannot be held vicariously liable. <u>Doe v. Rohan</u>, 793 N.Y.S.2d 170, 173 (2d Dept. 2005).

2. <u>Application</u>

The misconduct alleged here could not have been within the

28

scope of Teacher-Defendants' employment.  No employment-related purpose could have been served by Teacher-Defendants' alleged inappropriate sexual conduct, taunting of Plaintiff-Children, and refusal to change diapers.  Kunz v. New Neatherlands Routes, Inc., 882 N.Y.S.2d 565 (3d Dept. 2009) (granting motion to dismiss claim for vicarious liability because employee's sexual assault was "a clear departure from the scope of employment").

There is no allegation that Teacher-Defendants' conduct falls within the exception permitting vicarious liability for intentional torts that are reasonably foreseeable and a natural incident of employment.  Plaintiffs do not sufficiently allege that Supervisor-Defendants had reason to believe that Teacher-Defendants would abuse Plaintiff-Children, or that Teacher-Defendants' conduct would naturally result from their employment with the Bridge Program.  See Forester v. State of New York, 645 N.Y.S.2d 971, 974-75 (NY Ct. Cl. 1996) (finding that school officials were not vicariously liable where they had no reason to believe that teacher would physically assault student); Flores v. Saulpaugh, 115 F. Supp. 2d 319, 325 (N.D.N.Y. 2000) (finding that teacher's sexual harassment of student was not reasonably foreseeable or a natural incident of teacher's employment); Inglis v. Dundee Cen. Sch. Dist. Bd. of Educ., 687 N.Y.S.2d 866, 868 (Yates County Sup. Ct. 1999).

Accordingly, the Court GRANTS Supervisor-Defendants' motion to dismiss Plaintiffs' claim for vicarious liability.

D.   New York Human Rights Law Section 296

Plaintiffs fail to state a claim against Supervisor-Defendants under NYHRL § 296.

1.   Legal standard

The New York Human Rights Law ("NYHRL") is intended to "eliminate and prevent discrimination" in employment, housing, and certain public institutions, including schools.  N.Y. Exec. Law § 290(3) (2009).  It appears that Plaintiffs seek: (1) to hold Defendant-District liable under NYHRL § 296(4), which prohibits an "education corporation or association which holds itself out to be public . . . to permit the harassment of any student . . . by reason of his . . . disability," N.Y. Exec. Law § 296(4)(2009); and (2) to hold Defendant-Superintendent and Defendant-Principal liable under NYHRL § 296(6), which makes it unlawful for individuals to "aid, abet, incite, compel or coerce" violations of section 296. N.Y. Exec. Law § 296(6) (2009).[5]

---

[5]   Certain sections of NYHRL, including section 296(4), prohibit discrimination on the part of employers or public entities, including schools, but do not bar discrimination by those employer's or entity's individual employees or agents. See, e.g., N.Y. Exec. § 296(4)(2009) (prohibiting "education corporation[s] or association[s]" from permitting discrimination); Patrowich v. Chem. Bank, 483 N.Y.S.2d 659, 661 (N.Y. 1984) (finding that NYHRL § 296(1) applies only to employers and not to individual employees).  Where a section of

2.  Application to Plaintiffs' claim against
    Defendant-District

NYHRL § 296(4) prohibits Defendant-District from "permitting" discrimination on the basis of a disability. Plaintiffs, however, do not allege that Defendant-District somehow authorized or acquiesced to Defendants' allegedly discriminatory conduct. See Planck v. SUNY Bd. of Trustees, 795 N.Y.S.2d 147, 149-50 (3d Dep't 2005) (dismissing § 296(4) claim against university and its Board of Directors, where plaintiff failed to allege that defendants took any specific actions to cause or permit the alleged discrimination); Pace v Ogden Servs. Corp., 692 N.Y.S.2d 220, 223 (3rd. Dept. 1999) (finding that

_____

the NYHRL does not apply to individual employees or agents, those individuals can be held personally liable only under section 296(6), which prohibits aiding and abetting a violation of another provision of § 296. N.Y. Exec. § 296(6)(2009); Patrowich, 483 N.Y.S.2d at 661(finding that employees can be liable under NYHLR § 296(6) for aiding and abetting employment discrimination by an employer); Strauss v. New York State Dept. of Educ., 805 N.Y.S.2d 704, 709 (4th Dept. 2005).

Individuals cannot be liable for aiding and abetting their own discriminatory conduct. "Where no violation of the Human Rights Law by another party has been established . . . an individual cannot be held liable for aiding and abetting such a violation." Strauss, 805 N.Y.S.2d at 709; Barbato v. Bowden, 880 N.Y.S.2d 817, 818-19 (4th Dept. 2009) (finding that school principal could not be held liable for aiding and abetting sexual harassment of teacher, where no primary violation § 296 was established); Goldin v. Eng'rs Country Club, 864 N.Y.S.2d 43, 46 (2d Dept. 2008) (dismissing § 296(6) claim that country club's board members discriminated against club members on basis of sex where no primary violation of § 296 was established).

employer could not be liable under section 296 for sexual harassment of employee, where employer did not know and had no reason to know that employee was being harassed).

Without factual allegations that Defendant-District permitted Defendants' alleged discrimination, Plaintiffs cannot state a claim under NYHRL § 296(4).  The Court dismisses without prejudice Plaintiffs' claim under NYHRL § 296(4) against Defendant-District.

### 3.   Application to Plaintiffs' claim against Defendant-Superintendent and Defendant-Principal

Because Plaintiffs have no claim against Defendant-District, they cannot claim that Defendant-Superintendent and Defendant-Principal aided and abetted illegal discrimination by Defendant-District in violation of NYHRL § 296(6).  Plaintiffs have not alleged any other primary violations of NYHRL § 296.  The Court thus dismisses without prejudice Plaintiffs' claim for violation of NYHRL § 296(6) against Defendant-Superintendent and Defendant-Principal.

For the reasons set forth above, the Court GRANTS Supervisor-Defendants' motion to dismiss Plaintiffs' claims under NYHRL § 296.

## V.   Conclusion

For the reasons set forth above, the Court GRANTS Defendant Superintendent's and Defendant-District's motion to dismiss all

claims against them.  The Court GRANTS Defendant-Principal's motion to dismiss Plaintiffs' claims for vicarious liability and violation of NYHRL § 296, to dismiss Plaintiff-Parents' claims for violation of 42 U.S.C. § 1983, negligence, and negligent infliction of emotional distress, and to dismiss all Plaintiff-Children's claims for negligence, except the claim of Plaintiff "FA".  The Court DENIES Defendant-Principal's motion to dismiss Plaintiff-Children's claims for violation of 42 U.S.C. § 1983 and negligent infliction of emotional distress, and Plaintiff "FA"'s claim for negligence.

The Court grants Plaintiffs leave to amend the following claims: (1) Plaintiff-Parents' § 1983 Claim against all Supervisor-Defendants; (2) Plaintiff-Children's § 1983 Claim against Defendant-District and Defendant-Superintendent; (3) Plaintiff-Children's negligence claim against all Supervisor-Defendants; (4) Plaintiff-Children's negligent infliction of emotional distress claim against Defendant-District and Defendant-Superintendent; (5) Plaintiffs' vicarious liability claim against all Supervisor-Defendants; and (6) Plaintiffs' claims under NYHRL § 296 against all Supervisor-Defendants.

Amy amended complaint shall be filed by October 6, 2009.

The Court orders the parties to submit a jointly agreed upon discovery plan and scheduling order no later than October 20,

2009.  No later than November 1, 2009, the parties shall submit a

joint letter to the Court detailing their available dates in

November 2009 for a case management conference.

            SO ORDERED

Dated:    New York, New York
          September 16, 2009.


                                    _Kimba M. Wood_
                                    KIMBA M. WOOD
                             United States District Judge

34